# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| TERRANCE ROBERT HENDERSON, | ) ) |
| Plaintiff, | ) ) |
| v. | ) **OPINION AND ORDER** |
| | ) Case No. 7:19cv00258 |
| CARL A. MANIS, et al., | ) |
| Defendants. | ) By: Pamela Meade Sargent |
| | ) United States Magistrate Judge |
| | ) |

In this action pursuant to 42 U.S.C. § 1983, the pro se prisoner plaintiff attempts to join together in one case three, unrelated legal claims concerning different events and time periods, and naming nearly two dozen prison officials as defendants. As it stands, the Complaint runs afoul of joinder restrictions set forth in the Federal Rules of Civil Procedure and the filing fee requirements of the Prison Litigation Reform Act, ("PLRA"). For the reasons herein explained, the court will sever the Complaint into three separate civil actions, have them docketed as such, and require the plaintiff to consent to paying the filing fee for each case that he intends to pursue.

I.

Henderson's three claims, based on events at Wallens Ridge State Prison, ("Wallens Ridge"), are as follows:

1. On December 27, 2018, in retaliation for Henderson's filing of grievances and a lawsuit against prison officials, Wallens Ridge officers J. Clark, M. Sluss, E. Orr, Ramey, T. N. Baily, N. Presley, and L.T. Hall used excessive force against him and placed him in

  ambulatory restraints, in violation of the First, Eighth and Fourteenth Amendments and committed state law assault and battery on Henderson;

2.  Beginning in February 2017, and continuing through the present, Henderson has been denied appropriate medication and dietary accommodations for his gastric and digestive disorders by defendants Happy Smith, Benny Mullins, T. Townsend, Carl A. Manis and the Health Services Director for the Virginia Department of Corrections, ("VDOC"), in violation of the Eighth Amendment, the Americans with Disabilities Act, ("ADA"), and the Rehabilitation Act; and

3.  Beginning December 18, 2018, by order of Major Anderson, Henderson has been subjected to four strip searches per day and two cell searches per shift; during the cell searches, officers disorder his legal and religious materials; and other officers have sexually harassed him during the strip searches, in violation of the First and Eighth Amendments as well as the ADA, the Rehabilitation Act and the "Amendments Act." The defendants named to this claim are Major Anderson, C/O Moseley, I.N. McCoy, C/O Chandler, C/O Eldridge, Sgt. Ferguson, C/O Ramey, N. Presley, M. Sluss, and J. Clark.

The heading of the Complaint also names defendants who do not appear anywhere in Henderson's description of his claims: the VDOC and Karen A. Stapleton. The court will assume for purposes of this Opinion that Henderson intends for these defendants to be named to each of his three claims.

II.

The present Complaint is not consistent with Federal Rules of Civil Procedure Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action. Rule 18(a) *only* allows a plaintiff to join "as many claims as it has against an [one] opposing party" (emphasis added). On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to all the defendants. *See* FED. R. CIV. P. 20. Thus, if the claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit should not be allowed.

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to pro se prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Green*, 2009 WL 484457, at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In addition, to allow Henderson to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the PLRA. PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through partial payments withheld from the inmate's trust account;

authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief. *See gen.* 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A. "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2. To allow plaintiff to essentially package several lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.[1]

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party"). Thus, the court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

---

[1] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be [a] "strike" under 28 U.S.C. § 1915(g).")

As stated, Henderson's Complaint may not proceed as it is presently constituted, because it improperly joins together multiple claims and multiple defendants. It is actually three separate lawsuits bundled into one omnibus Complaint: one lawsuit about excessive force, use of ambulatory restraints and retaliation; one lawsuit about medical care and diet; and one lawsuit about strip searches, sexual harassment, cell searches and retaliation. Accordingly, the court will sever Henderson's Complaint into three separate lawsuits and have the severed claims each docketed under a separate case number in which all further proceedings on that claim will occur. The Clerk will provide Henderson with the new case numbers, once they have been assigned, and designate clearly which of his claims will be litigated in that case.

This Opinion does not address the possible merit of any of Henderson's claims, and it does not mean that solely because of the court's determination of misjoinder, Henderson loses his right to litigate any of the claims he has pled in the original Complaint. He simply may not litigate all of his unrelated claims against all these defendants in this single lawsuit, while being held accountable for only one filing fee. If Henderson chooses to proceed with the two severed claims in separate lawsuits, he will be required to consent to payment of a filing fee in each of those lawsuits, as he has done in this case. If he does not wish to proceed with three lawsuits, he may decline to consent to pay the filing fee for one or more of them. In the alternative, he may file a motion to voluntarily dismiss one or more of his lawsuits without prejudice to refiling them at some future date, subject to the applicable period of limitations, the joinder rules and the PLRA.

III.

In accordance with this Opinion, it is **ORDERED** as follows:

1. Claims 1, 2 and 3 as described above are hereby **SEVERED** into three separate civil Complaints for all future proceedings;

2. The present case, No. 7:19cv00258, **SHALL** now include only Claim 1 against defendants J. Clark, M. Sluss, E. Orr, C/O Ramey, T. N. Baily, N. Presley, L. T. Hall, the VDOC and Karen A. Stapleton; the Clerk will terminate all other defendants as parties to this action; and the Clerk will change the style of this case to *Henderson v. Clark*;

3. The Clerk is **DIRECTED to** docket a copy of the Complaint in a new and separate civil action that **SHALL** include only Claim 2 against defendants Happy Smith, Benny Mullins, T. Townsend, Carl A. Manis, the VDOC Health Services Director, the VDOC and Karen A. Stapleton;

4. The clerk is **DIRECTED to** docket a second copy of the Complaint in a new and separate civil action under the next consecutive case number that **SHALL** include only Claim 3 against defendants Major Anderson, C/O Moseley, I. N. McCoy, C/O Chandler, C/O Eldridge, Sgt. Ferguson, C/O Ramey, N. Presley, M. Sluss, J. Clark, the VDOC and Karen A. Stapleton;

5. In each of Henderson's new civil actions, the Clerk **SHALL** also docket copies of the following documents: a copy of this Opinion and Order (as an attachment to the Complaint), the Verified Statement, the Statement of Assets and the Prisoner Trust Account Report;

6. In each of the new civil actions, Henderson **SHALL** execute and return a Consent to Fee form within 14 days from the date of the entry of this Order if he intends to continue to pursue the claim presented in that action; and

7. If Henderson does *not* intend to pursue Claim 1, he is **DIRECTED** to submit within 14 days from the date of the entry of this Order a Motion for Voluntary Dismissal of this civil action, No. 7:19cv00258, without prejudice. If he does not withdraw this action within the allotted time, the court will direct the Clerk to attempt service of process on the defendants to Claim 1 and order collection of the $350 filing fee for this case to begin.

The Clerk will mail Henderson a copy of this Opinion and Order.

**ENTER:** This 6th day of June, 2019.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE