CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 08 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TERRANCE ROBERT HENDERSON, | ) | CASE NO. 7:19CV00258 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| J. CLARK, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Terrance Robert Henderson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Virginia Department of Corrections ("VDOC") and Karen Stapleton filed a motion to dismiss on September 5, 2019, and the other defendants filed an answer. On September 6, 2019, the court mailed a notice advising Mr. Henderson that the court would give him 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendants' evidence before ruling on the motion to dismiss. The notice warned Mr. Henderson:

> If Plaintiff does not respond to Defendant[s'] pleading[ ], the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleading[ ]. If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

Notice, ECF No. 23 (emphasis in original.) Mr. Henderson filed a motion for an extension of time to respond to the defendants' motion, and the court granted him until October 25, 2019, to respond. Since issuing that order, the court has received no further communication from Mr. Henderson about this case, and the deadline for his response to the defendants' motion has passed. Accordingly, the court concludes that, pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure, Mr. Henderson has failed to prosecute his claims against the VDOC and Ms. Stapleton. See gen. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

Having duly notified the parties that Mr. Henderson's failure to respond to the defendants' dispositive motion would be interpreted as failure to prosecute and would be cause for dismissal of the action without prejudice, the court will dismiss all claims against the VDOC and Ms. Stapleton. The case will go forward against the remaining defendants, unless the plaintiff notifies the court that he no longer wishes to proceed with his claims against them. A separate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Mr. Henderson and to counsel of record for the defendants.

ENTER: This 8th day of November, 2019.

_____
Senior United States District Judge